UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at LONDON

Civil Action No. 16-142

JEFFREY EDWARD SAMS,                                                                                   PLAINTIFF,

v.                        **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in May / June 2013, alleging disability beginning in January 2013, due to fibromyalgia, gout, rheumatoid arthritis, diverticulitis, deafness in left ear, high cholesterol and anxiety (Tr. 219). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Todd Spangler (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Ellis, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 40 years old at the time of the hearing decision. He has a high school education plus one year of college and has worked as security guard and janitor.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from fibromyalgia, rheumatoid arthritis and gout, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could perform his past relevant work and, further, determined that he has the residual functional capacity ("RFC") to perform a range of light work with certain restrictions. Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly evaluate the opinion of his treating physician Amjad Ali, M.D.; (2) the ALJ did not properly consider Plaintiff's fibromyalgia and (3) the ALJ erred in evaluating Plaintiff's credibility.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly evaluate the opinion of his treating physician Amjad Ali, M.D.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Ali provided a medical source statement in January 2015, in which he opined, among other things, that Plaintiff could lift and carry less than ten pounds; sit and stand for 15 minutes at a time each and two hours in an 8-hour workday each; and would miss work about three times in a month for his alleged impairments or treatment (Tr. 456-458).

The ALJ did not assign Dr. Ali's opinion "great weight" and explained his reasons for doing so. First, he noted that the January 2015 medical source statement did not appear to be supported by clinical or diagnostic data, but, rather seemed to be a recitation pf Plaintiff's

4

symptoms. In addition, the ALJ noted that Dr. Ali's treatment notes did not support the severe restrictions he suggested in is January 2015 statement. The ALJ specifically noted that Plaintiff followed-up with Dr. Ali every three months; however, most examinations were benign, and his opinion was not consistent with the other medical evidence of record and objective clinical findings did not support Dr. Ali's overly restrictive opinion. Finally, the ALJ pointed out that Dr. Ali's overly restrictive form assessment of Plaintiff's physical limitations stood in contrast to the other medical evidence in the record. For example, consultative physician, Donna Sadler, M.D. Dr. Sadler opined that Plaintiff could perform light exertion work with additional postural and manipulative limitations (Tr. 77-80). The ALJ reasonably considered Dr. Sadler's opinions "within the entire body of evidence." Indeed, the ALJ's decision was consistent with or even more restrictive than the state agency medical consultant's opinions of record.

The Court finds no error in the ALJ's consideration of Dr. Ali's opinion.

Plaintiff also argues that the ALJ did not properly consider his alleged fibromyalgia. In doing so, he contends that *Rogers v. Commissioner*, 486 F.3d 234 (6th Cir. 2007) directs the undersigned to find error in this case. However, Plaintiff's reliance on *Rogers* is misplaced. while the Court in *Rogers* held that the ALJ erred in failing to find fibromyalgia to be a severe impairment, that is not what the ALJ did here. Instead, the ALJ found that, indeed, fibromyalgia was a severe impairment. Moreover, a diagnosis of fibromyalgia does not automatically entitle one to disability benefits. *See Torres v. Comm'r of Soc. Sec.*, 490 F.App'x 748, 754 (6th Cir. 2012).

Finally, Plaintiff argues that the ALJ erred in assessing his credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a

witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "poor" with regard to her allegations of disabling pain. (Tr. 22). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986). Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster.

As the ALJ pointed out, the medical evidence before him supported the conclusion that Plaintiff's allegations as to the severity of his symptoms were not entirely believable, and the ALJ found objective medical findings, medical source opinions, Plaintiff's inconsistent statements, and his course of treatment all supported his finding that his symptoms were not as severe as he alleged. And, with the exception of Dr. Ali's medical source statement, the opinions or objective findings from the acceptable medical sources including Drs. Sadler, Burkhart, Hays and Demaree, did not support Plaintiff's claims of disabling symptoms.

Plaintiff's argument about the "pain standard is unclear. specificity—he has not explained how the ALJ violated the "pain standard," nor has he discussed how the factors of 20 C.F.R. 416.929© support his credibility. Notwithstanding his bald assertion of error, his brief is devoid of any references to the transcript, statements from physicians or citations to caselaw in this regard. Plaintiff bears the ultimate burden of establishing disability. *See* C.F.R. §§ 404.1512(a), 416.912 (a). *See also, Foster v. Halter*, 279 F.2d 348, 353 (6th Cir. 2001).

6

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 26th day of September, 2017.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge